# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
v. )
) CR497-165
BRENDA Y. JONES, )
)
    Defendant. )

## ORDER

Brenda Y. Jones was convicted of one count of theft or embezzlement of U.S. property and one count of entering a military, naval, or Coast Guard property. She was sentenced to pay a $500 fine and placed on probation for a twelve-month period. Doc. 4.[1] She was subsequently remanded to the Bureau of Prisons to serve a six-month term for violation of her probation. Doc. 8. Now Jones seeks to have her record expunged in order to avoid obstacles to her future employment. *See* doc. 17. The Government has not responded. Regardless of the Government

---

[1] Given the age of defendant's conviction copies of the information and judgment are not available. The nature of the charges listed here is based upon information contained in the Court's electronic docketing system.

opposition, the Court lacks subject matter jurisdiction to consider Jones' request.

Federal courts are courts of limited jurisdiction, and, as such "only possess that power authorized by the Constitution and by statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court must presume a case lies outside of its jurisdiction unless the party bringing the case—here, the former defendant Jones—shows that there is some basis for jurisdiction. *See id.* There is no statutory basis for the Court's jurisdiction over questions of expungement. *See United States v. Adalikwu*, 757 F. App'x 909, 911 (11th Cir. 2018) (*per curiam*) ("[F]ederal law does not offer a specific statute authorizing the general expungement of a criminal record."). Several United States Courts of Appeals, including the Eleventh Circuit, have concluded that there is no extra-statutory basis for jurisdiction over expungement requests.

In the absence of statutory authority, the only apparent source of jurisdiction is what *Kokkonen* called "ancillary jurisdiction"; "which recognizes federal court's jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. *Kokkonen* established a two-

part test to determine whether a court could properly exercise ancillary jurisdiction. *Id.* at 379-80; *see also Adalikwu*, 757 F. App'x at 911. Such jurisdiction extends only to "permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and . . . to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380 (citations omitted).

Recently, the Eleventh Circuit joined several other circuits in holding that "federal courts do not have subject-matter jurisdiction over [expungement] motions, whether directed toward judicial records or the executive branch" because they do not present a question over which courts have ancillary jurisdiction. *See Adalikwu*, 757 F. App'x at 911 (collecting cases). In applying the *Kokkonen* test, the court explained expungement did not fall under the first category of ancillary jurisdiction because all of the consequences of the arrest and conviction, "including the damage to [movant's] reputation and the increased difficulty in finding work, arose *after* [movant's] arrest and conviction and are entirely external to the criminal case itself." *Id.* at 912. The Court also found such motions did not fall under the second category of ancillary jurisdiction

3

because expungement is not incidental to the court's other functions. *Id.*

Like the movant *Adalikwu*, Jones has failed to establish any basis for this Court's subject matter jurisdiction over her request. Accordingly, the motion for expungement must be **DISMISSED** for lack of jurisdiction. Doc. 17.

**SO ORDERED**, this 4th day of March, 2020.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia